IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| GRATUITY, LLC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | **COMPLAINT AND DEMAND FOR** |
| LEIF MAGNUSON, TIPHAUS, INC., | § | **JURY TRIAL** |
| FARRELLI'S MANAGEMENT | § | |
| SERVICES, LLC. | § | |
| | § | |
| Defendant | | |

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff GRATUITY, LLC ("Plaintiff" or "Gratuity"), a Florida Limited Liability Company, by and through its undersigned attorneys, files this Complaint for Patent Infringement against Defendants LEIF MAGNUSON, TIPHAUS, INC., and FARRELLI'S MANAGEMENT SERVICES, LLC ("Defendants") and hereby alleges as follows:

### I.
### NATURE OF THE ACTION

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Gratuity brings this patent infringement action to stop Defendants from continuing to engage in the wrongful and unlicensed use of Gratuity's patented technology. Defendants are infringing U.S. Patents No. 10,726,436 ("the '436 patent") and 9,741,050 ("the '050 patent") by manufacturing, selling, offering, importing, using, offering for sale, and/or distributing the Tiphaus branded software products, including and in combination with Defendants Magnuson and Tiphaus offering the Tiphaus software as a service.

## II.
## THE PARTIES

2.      Gratuity, LLC. is a limited liability company organized under the laws of the State of Florida. Gratuity maintains a principal place of business in this judicial district at 1112 Goodlette Road, Suite 204, Naples, FL 34102.

3.      Defendant Leif Magnuson is an individual.

4.      Defendant Tiphaus, Inc. ("Tiphaus") is a corporation organized and existing under the laws of Delaware with its principal place of business at 5801 108th Street, Gig Harbor, WA, 98332-8510. Defendant Tiphaus, Inc. owns, develops, markets, advertises, distributes, offers for sale, and sells the infringing Tiphaus services and products and offers the infringing software applications and services to businesses, including in this judicial district.

5.      Defendant Farrelli's Management Services, LLC, ("Farrelli's") is a corporation organized under the laws of the state of Washington with its principal place of business at 1200 Station Drove, Suite 150, Dupont, WA, 98327. Defendant Farrelli's is a restaurant chain with multiple locations. Defendant Farrelli's uses the infringing Tiphaus product for gratuity calculation, distribution, and management at multiple locations.

## III.
## JURISDICTION AND VENUE

6.      Gratuity incorporates by reference all preceding paragraphs.

7.      This is an action for patent infringement of United States Patent No. 9,741,050 and No. 10,726,436, arising under the patent laws of the United States, including but not limited to Title 35 United States Code §§ 271 and 281.

8.      This Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1331 and 1338(a) because this action arises under the patent laws of the United States,

35 U.S.C. § 1 et seq.

9.      This Court has personal jurisdiction over Defendants for at least the following reasons: (1) Defendants have specifically consented to the jurisdiction of the federal courts for the Middle District of Florida, and specifically the Ft. Myers division, for any dispute arising out of their agreement with Plaintiffs, pursuant to a valid forum selection clause contained in Section 17 of the Joint User Agreement. *Please see Joint User Agreement §17(b)(i), a true and correct copy of which is attached hereto as Exhibit A.* (2) Defendants Magnuson and Tiphaus have purposefully established substantial, systematic, and continuous contacts with this judicial district by marketing and offering for sale their Tiphaus software platform and should reasonably expect to defend lawsuits in The Middle District of Florida.

10.      Venue is also proper in The Middle District of Florida under 28 U.S.C. §§ 1391, 1400(b), and 1404(a) because Defendants have consented to venue in the Middle District of Florida, pursuant to Section 17 of the Joint User Agreement acknowledged and consented to by Defendants and Plaintiffs as a condition of access to and continuing use of the Plaintiff's software platform. Therefore, venue is proper pursuant to a valid forum selection clause. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 58 (2013)

11.      All conditions precedent to the maintenance of this suit and Plaintiff's claims have occurred, been performed, would be futile, or have been otherwise waived.

## IV.
## <u>GENERAL ALLEGATIONS</u>

**A.      Gratuity, LLC**

12.      Gratuity incorporates by reference paragraphs 1 through 11 as if fully set forth herein.

13.      Founded in 2011, Gratuity is a software developer and a software-as-a-service (SaaS) provider that offers software products to subscribing businesses, including the Gratuity Application,

also known as "Gratsync" or the "PayData Platform."

14.     Gratuity offers a fully automated alternative to traditional tip and gratuity calculation, management, and distribution, as well as payroll support services. The Gratuity Application enables restaurants to automatically split, calculate, allocate and/or distribute tips to multiple members of a restaurant team according to preset gratuity distribution rules, employee data, and transaction information.

15.     The '050 Patent and the '436 Patent are both titled "SYSTEM AND METHOD FOR MANAGING GRATUITIES." The '050 Patent was duly and legally issued by the United States Patent and Trademark Office on August 22, 2017, and the '436 Patent was duly issued on July 28, 2020. The '436 patent is a child application or continuance application of the '050 patent. The inventor of both patents is Aleksandar Stepanovich. Gratuity is the assignee and owner of the '050 and '436 Patents. Gratuity has full rights to sue and recover damages for all past, present, and future acts of infringements of the '050 and '436 Patents.

16.     The '050 and '436 Patents disclose novel methods and systems for calculating and managing the distribution of tips and gratuities through a network of servers, client applications, and point-of-sale systems. The '050 and '436 Patents provide the technological advancement necessary for efficiently addressing the way restaurants and other gratuity-involved industries manage their employees' income and payroll.

**B.     Hospitality Services and Gratuity Management Challenges**

17.     Distributing gratuities to servers and other restaurant staff, also referred to as tipped employees, is much more complicated than in times past. Gone are the days when all tipped employees could simply be "cashed-out" at the end of the night with the cash received or on-hand by the restaurant. Employers and tipped employees now split or pool gratuities between a host of tipped and non-tipped restaurant personnel based on customized tip distribution rules which differ from one

4

establishment to the next. In order to properly calculate, allocate and distributes tips to tip out a large staff, some restaurants and hospitality operations have had to resort to regular deliveries of large amounts of cash via armored car and other methods.

18.     Historically, in order to deal with the ever-growing and changing complexity of gratuity distribution rules (e.g. bartender gets 2.5% of tips for server she supports, busser and dishwasher get 1.5%, etc.) coupled with regulatory compliance mandates restaurant and hospitality managers have turned to spreadsheets, paper records, or various software solutions to try and ensure that everyone is tipped out fairly and efficiently, with minimal time lost managing gratuity distribution rules and making adjustments. Performing these calculations can be time-consuming and prone to human error, leading some employees to feel as though they have been overlooked, discriminated against or even cheated.

19.     Hospitality employees appreciate and often expect the ability to transact their lives digitally and with cards, rather than cash. With paycards, Venmo, Paypal and other digital payment solutions becoming ubiquitous, hospitality employees appreciate the ability to receive, transfer and settle their tips amongst on the same day.

20.     Most sales transactions today are conducted via credit card through data-rich point-of-sale (POS) systems, which are the primary repository of time, attendance, and sales data for hospitality based establishments. Employee shift data and hours worked are also increasingly being kept digitally through these systems. Plaintiff's software-as-a-service GratSync provides the hospitality industry with a means to utilize this data it aggregates and normalizes  to enable the automatic, real-time calculation allocation, and distribution of tips, service charges and commissions through integrations with point-of-sale and payroll systems.

**C.     The '050 and '436 Patents**

21.     The '050 Patent, and its child, the '436 Patent, disclose systems and methods for

allocating gratuities. One or more embodiments disclosed in the '050 Patent are directed to systems of calculating gratuities and distributions to employees through the use of networked servers and business systems, including a point-of-sale server and/or time and attendance server furnishing transaction data and a gratuity sync client installed on a client restaurant's business system. The point-of-sale system provides transaction information and other information to the gratuity management server that is remote from the client business systems, which calculates the gratuity distribution based on predefined rules.

22.     Some embodiments in the '050 Patent include a time and attendance server in communication with the networked gratuity management server that furnishes hours worked and attendance data to assist in the calculation of gratuities.

23.     The '050 Patent discloses one or more embodiments of a system for distributing gratuities based on various tip pools, teams, and working groups of employees, including flat amount sharing and percentage-based sharing rules.

24.     The '050 Patent also claims a system for providing payment management services to a plurality of clients through a computer system providing access to each client and allowing them to define and set their own gratuity distribution rules and employee rolls to allow for automatic and independent gratuity distributions. This system works with a point-of-sale server and interfaces with various client systems.

25.     Further embodiments in the '050 Patent include an interface with the client restaurant's payroll system, calculating and reporting payrolls, allowing the client business to prepare payrolls based on complex or simple gratuity distribution rules without having to calculate the payroll manually or through the client's own business systems.

26.     The '436 Patent discloses methods complimentary to the '050 patent, said methods describing in detail how to collect, process, calculate, and report gratuity distributions using a network

of computer systems.

27.     In one embodiment, the '436 Patent discloses a method for managing gratuity allocations by receiving gratuity distribution rules, transaction information including amounts of gratuities paid, and hours worked by a group of employees. The embodiment then discloses calculating a gratuity distribution based on a host of exemplary rules or potential distribution schema and updating that gratuity distribution based on updates or changes to employee information or transaction information. This distribution is then reported by a processor to a payroll system for the business and the payroll system distributes payments accordingly.

28.     Besides methods for calculating and distributing gratuities, the '436 Patent further discloses a computer system and configuration for implementing the previous methods.

**D.     Defendants**

**1)      Introduction**

29.     Defendant Tiphaus, Inc. is a software company that develops, markets, sells, and distributes the Tiphaus software or suite of software products for gratuity management, distribution, and calculation.

30.     Defendant Farrelli's Management Services, LLC is a restaurant chain that owns and manages multiple restaurants in the pacific northwest. Farrelli's was also a one-time user and client customer of Plaintiff's, utilizing its patented software after consenting to Plaintiff's Joint User Agreement (Exhibit A).

31.     Defendant Leif Magnuson is the manager and CEO of Tiphaus and a one-time "authorized user" of Plaintiff's services by way of his employment by Farrelli's Management Services, LLC. Magnuson was working with Farrelli's to assist them in implementing Plaintiff's software when he consented to Plaintiff's Joint User Agreement in or around July of 2018.

32.     According to Magnuson and Tiphaus, the Tiphaus Platform is a tip distribution

software solution that allows for the automatic, real-time calculation of tip distribution through integrations with point-of-sale and payroll systems.

33.     The Tiphaus Platform also provides restaurant or hospitality employees with a custom app or portal specific to them which allows them to send tips back and forth to each other and provides a transparent financial picture of that employee's tip earnings.

34.     According to Defendants' Tiphaus website, the Tiphaus Platform allows for the calculation of tip distributions using custom rules designated and implemented by the restaurant owner or manager. It synchronizes with point-of-sale systems to enable automatic collection of customer transaction data, including sales, employee hours worked, and gratuities paid.

35.     Furthermore, the Tiphaus Platform allows for the automatic payment of calculated gratuity distributions through a debit card, handling payroll functions automatically once gratuity distributions have been calculated.

36.     The Tiphaus platform is a cloud computing solution and involves a server that is remote from the client business systems, where the gratuity calculations based on point-of-sale data are conducted, without the need for the restaurant's own computers to perform the calculations.

37.     Defendants' software provides for the servicing of a plurality of clients through a centralized processing system providing a web portal for each client that allows them to enter and configure gratuity distribution rules. These rules are utilized by the computer system to process and calculate gratuity distributions based on employee information and transaction data.

**2)     Defendant's Conduct**

38.     While working with at least two known client customers of Plaintiff (The Ram Restaurant and Farrelli's), Magnuson secretly founded his own software company, Tiphaus on or about October 26 of 2018, whose sole purpose was to steal Plaintiff's solution and directly compete

with Plaintiff. He accomplished this by concealing his status as a competitor, all while acting as a "manager" for co-Defendant Farelli's, for over a year copying and implementing Plaintiff's patented software by utilizing his relationships with Plaintiff's customers to gain access to software diagrams, interfaces, performance information, functional descriptions, and many other forms of proprietary information.

39.     In furtherance of his willful infringement of Plaintiff's patents and misappropriation of technical know-off, Defendant Magnuson took steps to illegally record Plaintiff's employees without their consent, in violation of both Washington and Florida law. This was done in order to pass along information gleaned from Plaintiff's technical employees and support personnel to Magnuson's and Tiphaus' own software development teams. Furthermore, Magnuson and Tiphaus also plagiarized Plaintiff's marketing materials to the TipHaus' marketing materials and videos.

40.     Defendants Magnuson, Tiphaus and Farrelli's knew or should have known that Plaintiff's software was covered and protected by Patents and were put on notice of the same. _Every page of the twenty-five page Joint User Agreement Defendants consented to_ contains the language "…the services provided are further protected by US Patent #9,741,050." Acknowledging and consenting to this agreement was a condition of allowing access to and continuing use of Plaintiff's gratuity management software platform.

41.     On or about October 25, 2019, Defendant Farrelli's informed Plaintiff that it would be cancelling its contract and terminating its use of Plaintiff's software at all nine of its locations that were using the Gratuity Application. They stated in an email to Plaintiff that they would be moving to "an internal tip solution" and needed their contract cancelled. Subsequently, Plaintiff became aware that Defendant Farrelli's had begun using Tiphaus' infringing software to manage its tips and gratuity distribution.

**COUNT I**

**CLAIM FOR PATENT INFRINGEMENT OF THE '050 PATENT**

42.    Plaintiff hereby incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

43.    This cause of action arises under the patent laws of the United States of America and, in particular, 35 U.S.C. §§271 et seq.

44.    On August 22, 2017, the '050 Patent, titled "System and Method for Managing Gratuities" was issued by the United States Patent and Trademark Office (the "USPTO"). A true and correct copy of the '050 Patent is attached hereto as Exhibit B.

45.    The '050 Patent is valid, enforceable, and was duly issued in full compliance withTitle 35 of the United States Code.

46.    The '050 Patent is legally presumed to be valid under Title 35 U.S.C. §282.

47.    Gratuity is the assignee and owner of all rights, title, and interests in the '050Patent, including all rights to pursue and collect past and future royalties and damages for infringement of the patented claims. Gratuity retains the exclusive right to enforce the '050 Patent. This assignment is reflected on the face of the '050 patent and is recorded with the USPTO.

48.    Upon information and belief, Defendants Tiphaus and Magnuson have directly infringed and continue to directly infringe the claims of the '050 Patent by making, selling, and offering for sale the Tiphaus software platform. The Tiphaus Platform reads on most if not all of the limitations set forth in the patented claims of the '050 Patent. Defendants Tiphaus and Magnuson have full knowledge of the infringement because of the acknowledgement and consent of Defendant Magnuson to the Joint User Agreement (Exhibit A).

49.    Upon information and belief, Defendant Farrelli's has directly infringed and continues to directly infringe the claims of the '050 patent by using the Tiphaus software platform and has full

knowledge of the infringement because of its previous use of Plaintiff's software platform and its notice of the patented nature of the product through the joint user agreement.

50.     With reference to exemplary independent claim 1 of the '050 Patent, Defendants directly infringe and continue to directly infringe that claim, among others, by making, using, offering for sale, and selling the Tiphaus Platform. The full text of independent claim 1 follows.

**1**. A system, comprising:

a. a gratuity management system, comprising

    1. a server coupled to a computer network and accessible by a plurality of clients, the server being configurable to independently execute gratuity distribution rules on a client-by-client basis; and

    2. a database, accessible by the server; and

b. a plurality of client business systems in electronic communication with the server of the gratuity management system, each of the client business systems corresponding to one of the plurality of clients, each client business system comprising:

    1. at least one point of sale server; and

    2. a gratuity sync client application installed on the respective client business system;

wherein the gratuity sync client application on each client business system is configured to extract transaction information and employee information from the client business system and to initiate transfer of the extracted information to the gratuity management system;

wherein the gratuity management system is a cloud computing system remote from the plurality of client business systems and configured to receive the extracted transaction information and employee information from the plurality of client business systems and to store the received extracted information in the database; and

wherein the gratuity management system is further configured to execute, independently for each client, gratuity distribution rules for allocating gratuities among

at least a portion of the employees and to determine a gratuity allocation based on at least the received extracted transaction information, the received extracted employee information, and the gratuity distribution rules and return the gratuity allocation to the gratuity sync client application of each respective client business system, without requiring the client business systems to execute the gratuity distribution rules.

5

51.    Upon information and belief, Defendant's Tiphaus Platform is a "gratuity management system" that comprises all of the claim limitations set forth in claim 1 and, therefore, infringes claim 1 of the '050 Patent.

52.    Upon information and belief, The Tiphaus Platform comprises, among other things, a server, a database, client business systems, and point of sale systems all in electronic communication with each other. These are configured to determine a gratuity allocation based on extracted employee and transaction data through the implementation of gratuity distribution rules.  The Tiphaus Platform is configurable by users to perform gratuity allocations independently and automatically.

53.    Upon information and belief, Defendants' Tiphaus Platform comprises a gratuity management system consisting of a server connected to the internet and a database accessible by that server, where the server is configured to independently execute gratuity distribution rules for any of a number of attached client devices. The Tiphaus Platform supports customized gratuity distribution rules that are executed for and specific to each individual client, usually a hospitality or restaurant business of some kind.

54.    Upon information and belief, Defendant's Tiphaus Platform is internet-enabled and comprises a device in electronic communication with numerous client business systems. The Tiphaus client software can be installed on  different client business systems and interfaces with many

different point-of-sale systems, from which Tiphaus extracts the employee and transaction data necessary for its infringing gratuity management system to make tip distribution calculations.

55.     Upon information and belief, Defendant's Tiphaus Platform is a cloud-based computing system that is remote from the various client systems from which it harvests transaction and employee data and to which it transmits the gratuity allocation. The Tiphaus software performs gratuity and tip income distribution calculations at regular intervals, preset by the client restaurant, and independently calculates, generates, and distributes tip allocations based on data automatically supplied by client business systems and preset rules stipulated by, for example, a restaurant. These calculations happen "in the cloud" on Tiphaus' servers, without the client applications used to gather data from the restaurant or hospitality business systems having to perform the calculations locally.

56.     Upon information and belief, Defendant's Tiphaus Platform also directly infringes the dependent claims of the '050 Patent.

57.     For example, but without limitation, dependent claim 3 further comprises "the system of claim 1, wherein the gratuity sync client application is installed on the point of sale server of the respective client business system." One of the ways Tiphaus accomplishes this infringement is by offering an app which can be freely downloaded from the app marketplace for numerous point-of-sale systems like Toast, Square and Clover or installed manually

58.     As another example, but without limitation, dependent claim 4 further comprises, "the system of claim 1, wherein the respective client business system comprises additional devices which are connected to and accessible by the gratuity sync client application." The Tiphaus connects multiple additional devices to its gratuity sync application by offering app downloads on major platforms like the Apple and Google Play stores which connect to and interface with its main client application.

59.     By making, using, testing, assembling, offering for sale, selling, and importing the Tiphaus Platform, and by placing the Tiphaus Platform into service, Defendants has injured Gratuity and is liable to Gratuity for directly infringing all of the claims in the '050 Patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

60.     Gratuity has been harmed by Defendants' infringement and is entitled to an injunction and compensation in an amount no less than a reasonable royalty as well as its lost profits for Defendants' infringement. Gratuity will also seek a permanent injunction barring Defendants from selling or using the infringing Tiphaus Products. Gratuity asserts that Defendants' infringement was knowing and willful and seeks treble damages according to 35 U. S. C. §284. Gratuity reserves the right to amend this Complaint to assert claims for indirect infringement (including inducement and/or contributory infringement) if information obtained during the course of this lawsuit supports such assertions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a.      A declaration of final judgment in favor of Gratuity finding that Defendants has infringed and/or continues to infringe one or more claims of United States Patent No. 9,741,050.

b.      Judgment in favor of Gratuity for all damages suffered by Gratuity and that Defendants be Ordered to account for and pay to Gratuity all damages and costs resulting from Defendants' infringement of the '050 Patent, including, but not limited to, lost profits, lost royalties, reasonable license fees, costs, expenses, together with pre-judgment and post-judgment interest thereon, and all other damages permitted pursuant to 35 U.S.C. § 284, including enhanced damages up to three times the amount

of damages found or measured and costs, and in any event an amount no less than a reasonable royalty;

c.      A permanent injunction enjoining Defendants, its officers, directors, agents, affiliates, employees, and all others acting in concert or privity from infringing the '050 Patent pursuant to 35 U.S.C. § 283.

d.      Judgment and a determination to the effect that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees under same or as otherwise permitted by law.

e.      That Gratuity be granted costs of suit and pre- and post-judgment interest calculated on monetary amounts awarded;

f.      That Gratuity be granted such other and further relief as the Court may deem just and proper under the circumstances.

**COUNT II.**

**CLAIM FOR PATENT INFRINGEMENT OF THE '436 PATENT**

61.      Gratuity incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

62.      This cause of action arises under the patent laws of the United States of America and, in particular, 35 U.S.C. §§271 et seq.

63.      On July 28, 2020, the '436 Patent, titled "System and Method for Managing Gratuities" was issued by the United States Patent and Trademark Office (the "USPTO"). A true and correct copy of the '436 Patent is attached hereto as Exhibit C.

64.      The '436 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

65.      The '436 Patent is legally presumed to be valid under Title 35 U.S.C. §282.

66.      Gratuity is the assignee and owner of all rights, title, and interests in the '436 Patent, including all rights to pursue and collect past and future royalties and damages for infringement of

the patented claims. Gratuity retains the exclusive right to enforce the '436 Patent.

67.     Defendants Tiphaus and Magnuson have directly infringed and continue to directly infringe the claims of the '436 Patent by making, selling, and offering for sale the Tiphaus software platform. The Tiphaus Platform reads on most if not all of the limitations set forth in the patented claims of the '436 Patent. Defendants Tiphaus and Magnuson have full knowledge of the infringement because of the acknowledgement and consent of Defendant Magnuson to the Joint User Agreement (Exhibit A).

68.     Defendant Farrelli's has directly infringed and continues to directly infringe the claims of the '436 patent by using the Tiphaus software platform and has full knowledge of the infringement because of its previous use of Plaintiff's software platform and its notice of the patented nature of the product through the joint user agreement.

69.     With reference to exemplary independent claim 1 of the '436 Patent, Defendants directly infringe and continue to directly infringe that claim, among others, by making, using, offering for sale, and selling the Tiphaus Platform. The full text of independent claim 1 follows.

What is claimed is:

**1**. A method of managing gratuity allocations, comprising:

    receiving, from a business by at least one processor, gratuity distribution information about gratuity distribution rules that determine how gratuities paid by customers of the business are to be allocated to employees of the business;

    receiving, from the business by the at least one processor, original transaction information and original employee information, where the transaction information includes information about customer sales and associated gratuities paid by the customers in connection with those customer sales during an accounting period, and where the employee information indicates the hours worked by a plurality of employees during the accounting period;

    calculating, by the at least one processor, a first gratuity allocation to the plurality of employees for the accounting period based on the received gratuity distribution information, the received original transaction information and the received original employee information;

    receiving with the at least one processor subsequent to calculating the first gratuity allocation, at least one of updated transaction information for the accounting period and updated employee information for the accounting period, where updated transaction information includes at least one change relative to the original transaction information and where updated employee information includes at least one change relative to the original employee information;

    calculating, by the at least one processor, a second gratuity allocation to the plurality of employees for the accounting period using at least one of the updated transaction information and the updated employee information, wherein the step of calculating the second

gratuity allocation is performed immediately after receiving updated transaction information or updated employee information;

reporting, by the at least one processor, to a payroll system for the business, the second gratuity allocation and/or differences between the first gratuity allocation and the second gratuity allocation; and

distributing, by the payroll system, gratuity payments to at least some the plurality of employees according to the second gratuity allocation.

70.     Defendant's Tiphaus Platform utilizes "a method of managing gratuity allocations" that comprises most, if not all of the claim limitations set forth in claim 1, and therefore infringes claim 1 of the '436 Patent.

71.     The Tiphaus Platform utilizes a method of gratuity allocation that includes, among other things, a processor which receives gratuity distribution rules, transaction information, and employee information, including hours worked and gratuities paid. These data are utilized by a processor to determine a gratuity allocation.

72.     Defendants' Tiphaus Platform further utilizes a method or process of gratuity distribution that updates its gratuity distribution in real-time and/or subsequently alters an initial gratuity distribution via receipt of updated transaction and employee information. This information is provided, by among other things, a point-of-sale system integration.

73.     Defendant's Tiphaus Platform further implements a method of gratuity allocation that provides real-time updates to its initial gratuity distributions and reports those updates to payroll systems or software. It allows for the automatic distribution of those gratuity distributions via a payroll system to a group of employees, according to the terms of the final paragraphs of claim 1.

74.     Defendant's Tiphaus Platform also directly infringes the dependent claims of the '436 Patent.

75.     For example, but without limitation, dependent claim 4 further comprises "receiving employee base pay information that indicates the hourly base pay that the employees of the business earn; calculating a first payroll for the business that includes the amounts that each of the plurality of employees earned during the accounting period, wherein the amount that each employee earned includes base pay and an allocation of gratuities that was included in the calculated first gratuity allocation; and reporting to the payroll system for the business the first payroll for the business." The Tiphaus platform infringes this dependent claim because it practices and encompasses the abovementioned limitations.

76.     By making, using, testing, assembling, offering for sale, selling, and importing the Tiphaus Platform, and by placing the Tiphaus Platform into service, Defendants have injured Gratuity and are liable to Gratuity for directly infringing most if not all of the claims in the '436 Patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

77.     Gratuity has been harmed by Defendants' infringement and is entitled to an injunction and compensation in an amount no less than a reasonable royalty as well as its lost profits for Defendants' infringement.

78.     Gratuity will also seek a permanent injunction barring Defendants from selling or using the infringing Tiphaus Products.

79.     Gratuity asserts that Defendants' infringement was knowing and willful and seeks treble damages according to 35 U. S. C. §284.

80.     Gratuity reserves the right to amend this Complaint to assert claims for indirect infringement (including inducement and/or contributory infringement).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a.  A declaration of final judgment in favor of Gratuity finding that Defendants has infringed and/or continues to infringe one or more claims of United States Patent No. 10,726,436.

b.  Judgment in favor of Gratuity for all damages suffered by Gratuity and that Defendants be Ordered to account for and pay to Gratuity all damages and costs resulting from Defendants' infringement of the '436 Patent, including, but not limited to, lost profits, lost royalties, reasonable license fees, costs, expenses, together with pre-judgment and post-judgment interest thereon, and all other damages permitted pursuant to 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured and costs, and in any event an amount no less than a reasonable royalty;

c.  A permanent injunction enjoining Defendants, its officers, directors, agents, affiliates, employees, and all others acting in concert or privity from infringing the '436 Patent pursuant to 35 U.S.C. § 283.

d.  Judgment and a determination to the effect that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees under same or as otherwise permitted by law.

e.  That Gratuity be granted costs of suit and pre- and post-judgment interest calculated on monetary amounts awarded;

f.  That Gratuity be granted such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Gratuity respectfully demands

a trial by jury as to all matters so triable.

Respectfully submitted,

*/s/ Adam J. Woodward*
Adam J. Woodward, Esq.
Florida Bar No. 1029147
David P. Fraser, Esq.
Florida Bar No. 91085

HOLMES FRASER, P.A.
711 5th Avenue South, Suite 200
Naples, FL 34102
 (239) 228-7280 (telephone)
 (239) 790-5766 (facsimile)
awoodward@holmesfraser.com
dfraser@holmesfraser.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2021, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record including, but not limited to, the following counsel for defendant:

Wade G. Williams, Esq.
Florida Bar No. 1011478
Lewis Brisbois Bisgaard & Smith LLP
110 S.E. 6th Street, Suite 2600,
Fort Lauderdale, FL 33301
(954) 939-3361 (telephone)
(954) 728-1282 (facsimile)
Email: Wade.Williams@lewisbrisbois.com

William R. Trueba, Jr., Esq.
Florida Bar No. 117544
Trueba & Suarez, PLLC
9100 S. Dadeland Boulevard, Suite 1500
Miami, Florida 33156
Telephone: (305) 482-1001
Facsimile: (786) 516-2826
E-Mail: wtrueba@lex188.com

*/s/ Adam J. Woodward*
Adam J. Woodward, Esq.
Florida Bar No. 1029147
David P. Fraser, Esq.
Florida Bar No. 91085

HOLMES FRASER, P.A.
711 5th Avenue South, Suite 200
Naples, FL 34102
 (239) 228-7280 (telephone)
(239) 790-5766 (facsimile)
awoodward@holmesfraser.com
dfraser@holmesfraser.com