UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRATUITY, LLC and GRATUITY
SOLUTIONS, LLC,

    Plaintiffs,

v.                                              Case No.:   2:21-cv-604-SPC-MRM

LEIF MAGNUSON, TIPHAUS,
INC., and FARRELLI'S
MANAGEMENT SERVICES, LLC,

    Defendants.
                                     /

**ORDER**[1]

Before the Court is an Unopposed Motion to Stay Proceedings as to Defendant Farrelli's Management Services, LLC.[2] (Doc. 24). This is a patent infringement case involving software products that provide an automated alternative to traditional tip and gratuity calculations. Farrelli's is a restaurant chain and Plaintiffs' client. Magnuson and Tiphaus were authorized to implement Plaintiffs' software at Farrelli's restaurants. While

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Motion does not follow Local Rule 1.08's typography requirements. For efficiency reasons, the Court will not strike the paper. But the parties should not expect future leniency from the Court for failure to follow the Local Rules.

working with Plaintiffs' clients, Magnuson secretly founded his own software company, Tiphaus, to steal Plaintiffs' software solutions and compete with them.

The parties are litigating related cases in Florida state court and in the Western District of Washington. Because of the relationship among the Defendants, the parties want to litigate the claims piecemeal so Plaintiffs may pursue and resolve claims against Magnuson and Tiphaus before resolving the claim against Farrelli's. (Doc. 39 at 4-5). They explain that Magnuson's contract work for Farrelli's have created issues about Farrelli's liability, if any, in this case. (Doc. 39 at 5). Whether Magnuson and Tiphaus must indemnify Farrelli's will depend on whether Magnuson's actions breached any of his agreements with Plaintiffs. The parties have agreed that the claims against Farrelli's here should be stayed pending the outcome of the related proceedings in Florida state court and believe a stay is in the interest of judicial economy.

A court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking the stay must show good cause and reasonableness. *See Belloso v. Asplundh Tree Expert Co.*, No. 6:18-cv-460-Orl-40TBS, 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018). Having considered the Motion, which no party opposes, the Court finds good and reasonable cause to stay the

case as to Farrelli's only. The stay does not apply to claims against Magnuson and Tiphaus.

Accordingly, it is now

**ORDERED:**

1. The Unopposed Motion to Stay Proceedings as to Defendant Farrelli's Management Services, LLC (Doc. 24) is **GRANTED**. Plaintiffs' claims against Farrelli's are **STAYED** pending the outcome of the state court proceedings. Plaintiffs must notify the Court when the state court proceedings have ended and if the stay is due to be lifted within **seven (7) days** of those proceedings ending.

2. The parties are **DIRECTED** to file a detailed, joint status update on the state court proceedings by **February 28, 2022**, and every ninety days thereafter until the Court says otherwise.

3. The Clerk is **DIRECTED** to add a stay flag to the docket.

**DONE** and **ORDERED** in Fort Myers, on November 29, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record